***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for minor modifications.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. That all parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff at all relevant times herein.
3. Kemper Insurance Group provided defendant-employer with workers' compensation coverage at all relevant times herein.
4. Plaintiff's average weekly wage was $538.78 per week, yielding a compensation rate of $359.20 per week.
5. Plaintiff received short-term disability benefits for twenty-six weeks in the amount of $314.31 per week, except the first week when plaintiff received her full salary, beginning November 30, 2000 through June 8, 2001. Thereafter, plaintiff received and continues to receive long-term disability benefits in the amount of $1,170.20 per month. Both the short term and long term disability were fully funded by defendant.
6. The issues to be determined by the Commission are as follows:
 Whether plaintiff sustained an injury by accident while in the course and scope of the employment with defendant-employer?
If so, what, if any, benefits is plaintiff entitled to receive?
 ***********
The Pre-Trial Agreement along with its attachments and any additional stipulations are hereby incorporated by reference as though they were fully set forth herein.
 ***********
Based upon the evidence of record the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff, a thirty-five year old woman at the time of this hearing before the deputy commissioner, had completed high school and attended technical school for two years. Plaintiff began working for defendant-employer on March 29, 1999 in the customer service and order entry department.
2. On November 30, 2000, plaintiff alleges that while she was lifting a box of copy paper, she felt a twinge in the back of her neck on the right side. Plaintiff claims that she reported that she was having neck trouble to her supervisor Roseanne Gray on December 1, 2000. However, Mrs. Gray was not at work on December 1, 2000. Plaintiff completed her shift that day and worked a full shift the following day without reporting that she was experiencing any pain.
3. Plaintiff went to the emergency room on December 2, 2000 for treatment of her pain. She returned to seek treatment on December 3, 2000 and on December 4, 2000. Plaintiff indicated that the onset of pain was gradual. The emergency room report lists "no known trauma" as the cause of injury. Plaintiff denied that she had any knowledge of how the injury occurred according to the triage report.
4. Plaintiff was seen by Dr. Henegar on December 5, 2000. There was no indication in Dr. Henegar's notes of a specific traumatic incident. Further, according to Dr. Henegar's notes, plaintiff attributed her pain to having "slept wrong".
5. Plaintiff began treating with Dr. Cowan, neurosurgeon, on December 12, 2000. Dr. Cowan indicated that plaintiff's injuries were consistent with sleeping in the wrong position on one's back. He further testified that it would be unusual for a patient to visit the emergency room three times as well as a specialist without describing how the injury occurred. Dr. Cowan had no record of how the injury occurred in his notes.
6. Plaintiff was in constant contact with defendant-employer and did not indicate whether she had sustained an injury by accident while in the course and scope of her employment even though she was asked a number of times if she had hurt herself at work. Plaintiff did not claim to have been injured on the job until she filed her Form 18 on or about February 28, 2001.
7. Plaintiff did not give notice of her claim of an injury by accident until she had notice that she would need surgery to correct her condition. Prior to this time plaintiff had indicated that her condition was not work related.
 ***********
Based on the foregoing findings of fact the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
Plaintiff has failed to prove by the greater weight of the evidence that she suffered an injury by accident or specific incident while in the course and scope of employment with defendant-employer. Therefore, plaintiff is not entitled to recover any workers' compensation benefits in this matter. N.C. Gen. Stat. § 97-2(6).
 ***********
Based on the foregoing Findings of Facts and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for workers' compensation benefits must under the law be and is hereby denied.
2. Each side shall bear their own costs.
This the 8th day of April, 2003.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DISSENTING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER